IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BILOXI MARSH LANDS CORPORATION, and LAKE EUGENIE LAND & DEVELOPMENT INC., <br><br>PLAINTIFFS, <br><br>v. <br><br>UNITED STATES OF AMERICA <br><br>DEFENDANT. | Case No. 12-00382 <br><br>Hon. Susan G. Braden |

## UNITED STATES' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Pursuant to this Court's Orders of September 12 and October 23, 2013 (ECF Nos. 29 & 34), and Rules 7(a), 8(b) and 12 of the Rules of the United States Court of Federal Claims, Defendant, United States of America, respectfully submits this Answer to the First Amended Complaint Plaintiffs filed on October 29, 2013. *See* First Am. Compl. (ECF No. 37). The United States answers Plaintiffs' allegations as follows:

### Introduction.

1. Paragraph 1 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of Paragraph 1.

2. Paragraph 2 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of Paragraph 2.

3. The United States admits that construction on the rock closure structure across the MRGO at Bayou La Loutre, with rock placement commencing on January 30,

2009, was completed by July 9, 2009. The remaining allegations contained in this paragraph consist of Plaintiffs' characterization of their case, and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies these allegations.

4. Paragraph 4 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of Paragraph 4.

**Parties.**

5. The United States does not possess knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 5, and therefore denies them.

6. The United States does not possess knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 6, and therefore denies them.

7. Paragraph 7 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of Paragraph 7, and avers that the United States Army Corps of Engineers is an Agency of the United States.

**Jurisdiction.**

8. The United States admits that the Tucker Act, 28 U.S.C. § 1491(a)(1), confers jurisdiction on the United States Court of Federal Claims to hear claims based upon the Fifth Amendment to the United States Constitution and upon certain contracts to which the United States is a party. The remaining allegations of Paragraph 8 state legal conclusions to which no response is required; to the extent that a response is deemed necessary, the United States denies

those allegations.

## Factual Allegations.

9. The United States admits the allegations in Paragraph 9.

10. The United States admits that the MRGO channel's originally authorized dimensions were to a depth of 36 feet and a width of 500 feet, increasing to a depth of 38 feet and a width of 600 feet in the Gulf of Mexico. The United States otherwise denies the allegations in Paragraph 10.

11. The United States does not possess knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 11, and therefore denies them. Paragraph 11 also states legal conclusions as to which no response is required; to the extent that a response is deemed necessary, the United States denies those allegations.

12. The United States admits that the Board of Commissioners of the Port of New Orleans is the local interest authorized and empowered under the laws of the State of Louisiana to furnish free of cost to the government all lands, easements, rights-of-way, relocations and disposal areas, and other assurances required for the construction and maintenance of the MRGO. The United States otherwise denies the allegations contained in Paragraph 12.

13. The United States admits that Biloxi Marsh Lands Corporation did grant to the Board of Commissioners of the Port of New Orleans a servitude upon which the MRGO was constructed and maintained, and that the servitude was subsequently assigned by the Port to the United States. The United States refers to the documents establishing the servitude and its subsequent assignment for their full and complete contents. The United States otherwise denies the allegations contained in Paragraph 13.

14. The United States admits that Biloxi Marsh Lands Corporation did grant to the Board of Commissioners of the Port of New Orleans a Right of Entry and certain spoil disposal

servitudes, and that the Right of Entry and spoil disposal servitudes were subsequently assigned by the Port to the United States. The United States refers to the documents establishing the Right of Entry, the spoil disposal servitudes, and their subsequent assignment for their full and complete contents. The United States otherwise denies the allegations contained in Paragraph 14.

15. The United States admits that Lake Eugenie Land & Development, Inc. did grant to the Board of Commissioners of the Port of New Orleans a servitude upon which the MRGO was constructed and maintained, and that the servitude was subsequently assigned by the Port to the United States. The United States refers to the documents establishing the servitude and its subsequent assignment for their full and complete contents. The United States otherwise denies the allegations contained in Paragraph 15.

16. The United States admits that Lake Eugenie Land & Development, Inc. did grant to the Board of Commissioners of the Port of New Orleans a Right of Entry and certain spoil disposal servitudes, and that the Right of Entry and spoil disposal servitudes were subsequently assigned by the Port to the United States. The United States refers to the documents establishing the Lake Eugenie Right of Entry, spoil disposal servitudes, and their subsequent assignment for their full and complete contents. The United States otherwise denies the allegations in Paragraph 16.

17. The allegations contained in Paragraph 17 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 17.

18. Paragraph 18 states a conclusion of law to which no response is required. To the extent that a response is deemed necessary, the United States denies the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 consist of Plaintiffs' characterizations of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 primarily consist of Plaintiffs' characterizations of their case and conclusions of law to which no response is required. The fourth sentence of Paragraph 20 appears to paraphrase and characterize statements from a 2000 EPA Task Force report cited elsewhere in the Amended Complaint. The United States refers to that report for its full and complete contents. The United States otherwise denies the allegations in Paragraph 20.

21. The United States admits that the Department of Interior did prepare the 1958 draft preliminary "*Fish & Wildlife Report*" discussed in Paragraph 21, and refers to that report for its full and complete contents. The United States otherwise denies the allegations contained in Paragraph 21.

22. The United States admits that the Department of Interior did prepare the 1958 draft preliminary "*Fish & Wildlife Report*" discussed in Paragraph 22, and refers to that report for its full and complete contents. The United States otherwise denies the allegations contained in Paragraph 22.

23. The United States admits that the Department of Interior did prepare the 1958 draft preliminary "*Fish & Wildlife Report*" discussed in Paragraph 23, and refers to that report for its full and complete contents. The United States otherwise denies the allegations contained in Paragraph 23.

24. The United States admits that the Department of Interior did prepare the 1958 draft preliminary "*Fish & Wildlife Report*" discussed in Paragraph 24, and refers to that report for its full and complete contents. The United States otherwise denies the allegations contained

in Paragraph 24.

25. The United States admits that the Department of Interior did prepare the 1958 draft preliminary "*Fish & Wildlife Report*" discussed in Paragraph 25, and refers to that report for its full and complete contents. The United States otherwise denies the allegations contained in Paragraph 25.

26. The United States admits that the Department of Interior did prepare the 1958 draft preliminary "*Fish & Wildlife Report*" discussed in Paragraph 26, and refers to that report for its full and complete contents. The United States otherwise denies the allegations contained in Paragraph 26.

27. The United States admits that the United States Army Corps of Engineers did prepare the 1988 *MRGO Bank Erosion Reconnaissance Report* and refers to that document for its full and complete contents. The United States otherwise denies the allegations in Paragraph 27.

28. Paragraph 28 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 28.

29. The United States denies the allegations contained in Paragraph 29.

30. The United States admits that the MRGO channel's originally authorized dimensions were to a depth of 36 feet and a width of 500 feet, increasing to a depth of 38 feet and a width of 600 feet in the Gulf of Mexico. To the extent that Plaintiffs purport to characterize statements from a United States Army Corps of Engineers report, the United States refers to that report for its full and complete contents, and otherwise denies the allegations in Paragraph 30.

31. United States denies the allegations contained in Paragraph 31.

32. The United States admits that dredging has been conducted as part of the maintenance of the MRGO, and that no dredging has been conducted since the passage of Hurricane Katrina on August 29, 2005. The United States otherwise denies the allegations contained in Paragraph 32.

33. Paragraph 33 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 33.

34. Paragraph 34 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 34.

35. Paragraph 35 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 35.

36. Paragraph 36 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 36.

37. Paragraph 37 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 37.

38. Paragraph 38 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 38.

39. Paragraph 39 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the

United States denies the allegations contained in Paragraph 39.

40. United States denies the allegations contained in Paragraph 40.

41. To the extent that Plaintiffs quote from or purport to characterize documents or statements made by the United States Army Corps of Engineers, the United States refers to those statements or documents for their full and complete contents. The United States otherwise denies the allegations contained in Paragraph 41.

42. The United States refers to the 1983 and 1985 Environmental Assessments cited in Paragraph 42 for their full and complete contents, and otherwise denies the allegations contained in Paragraph 42.

43. The United States refers to the plans cited in Paragraph 43 for their full and complete contents and otherwise denies the allegations contained in Paragraph 43.

44. Paragraph 44 appears to characterize the content of the reports or documents cited in Paragraph 43. The United States refers to those reports or documents for their full and complete contents and otherwise denies the allegations contained in Paragraph 44.

45. Paragraph 45 purports to characterize the contents of a certain trial exhibit used by the United States in a separate lawsuit. The United States refers to that exhibit for its full and complete contents and otherwise denies the allegations contained in Paragraph 45.

46. Paragraph 46 purports to characterize the contents of a certain trial exhibit used by the United States in a separate lawsuit. The United States refers to that exhibit for its full and complete contents and otherwise denies the allegations contained in Paragraph 46.

47. The allegations contained in Paragraph 47 consist of Plaintiffs' characterizations of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 47.

48. The allegations contained in Paragraph 48 consist of Plaintiffs' characterizations

of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 48.

49. Paragraph 49 cites to and purports to characterize the purpose, terms, and requirements imposed by an Act of Congress. The United States refers to the Act of Congress cited for its full and complete contents. Paragraph 49 also cites and purports to quote from a document published by the Louisiana Department of Natural Resources. The United States refers to that document for its full and complete contents. The United States otherwise otherwise denies the allegations contained in Paragraph 49.

50. The United States admits the allegations contained in Paragraph 50.

51. Paragraph 51 cites and purports to characterize the terms of a 1993 government report. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 51.

52. Paragraph 52 cites and purports to characterize the terms of a 1998 government report. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 52.

53. The United States denies the allegations contained in Paragraph 53.

54. Paragraph 54 cites and purports to characterize statements contained within an EPA report published in 2000. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 54.

55. Paragraph 55 cites and purports to characterize the terms of a report published by the United States Army Corps of Engineers in 2004. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 55.

56. Paragraph 56 cites and purports to characterize the terms of a report published by the United States Army Corps of Engineers in 2008. The United States refers to the cited report

for its full and complete contents. Paragraph 56 also makes reference to the terms and effect of an Act of Congress. The United States refers to that Act of Congress for its full and complete contents. The remaining allegations of Paragraph 56 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, the United States denies the remaining allegations contained in Paragraph 56.

57. The United States admits that closure of the MRGO was completed July 9, 2009. The remaining allegations of Paragraph 57 purport to characterize and quote from a report published by the United States Army Corps of Engineers in 2008. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 57.

58. Paragraph 58 appears to characterize the conclusions of a report published by the United States Army Corps of Engineers in 2008. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 58.

59. Paragraph 59 cites and purports to characterize and quote from a 2008 Draft Environmental Impact Statement compiled by the United States Army Corps of Engineers and other federal agencies. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 59.

60. Paragraph 60 appears to characterize and quote from the 2008 Draft Environmental Impact Statement cited in Paragraph 59. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 60.

61. Paragraph 61 appears to characterize and quote from the 2008 Draft Environmental Impact Statement cited in Paragraph 59. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in

Paragraph 61.

62. Paragraph 62 cites and purports to characterize and quote from a report published by an EPA Task Force in 2000. The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 62.

63. Paragraph 63 appears to characterize and quote from a United States Army Corps of Engineers draft "comprehensive ecosystem restoration plan." The United States refers to the cited report for its full and complete contents and otherwise denies the allegations contained in Paragraph 63.

64. The United States incorporates its responses to Paragraphs 41 through 63 as if set forth fully herein. The United States otherwise denies the allegations contained in Paragraph 64.

65. Paragraph 65 consists of the Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 65.

### First Count: Permanent Taking of Property.

66. The United States incorporates its responses to Paragraphs 1 through 65 as if set forth fully herein.

67. Paragraph 67 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 67.

68. Paragraph 68 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 68.

### Second Count: Cost of Mitigation or Payment for Future Taking of Property.

69. The United States incorporates its responses to Paragraphs 1 through 68 as if set

forth fully herein.

70. Paragraph 70 consists of Plaintiffs' characterization of its claims and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 70.

**Third Count:  Temporary Taking of Property.**

71. The United States incorporates its responses to Paragraphs 1 through 70 as if set forth fully herein.

72. Paragraph 72 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 72.

73. Paragraph 73 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 73.

**Fourth Count:  Taking of Flowage and Draining Servitudes.**

74. The United States incorporates its responses to Paragraphs 1 through 73 as if set forth fully herein.

75. Paragraph 75 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 75.

76. Paragraph 76 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 76.

77. Paragraph 77 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the

United States denies the allegations contained in Paragraph 77.

### Fifth Count: Violations of contracts (servitudes).

78. The United States incorporates its responses to Paragraphs 1 through 77 as if set forth fully herein.

79. Paragraph 79 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 79.

80. Paragraph 80 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 80.

81. Paragraph 81 consists of Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 81.

82. Paragraph 82 consists of Plaintiffs' conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations contained in Paragraph 82.

83. Paragraph 83 consists of Plaintiffs' conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of Paragraph 83.

84. Paragraph 84 consists of Plaintiffs' conclusions of law to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of Paragraph 84.

## **GENERAL DENIAL**

All of the allegations in Plaintiffs' First Amended Class Action Complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

## **THE UNITED STATES' AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs in this case lack standing to seek just compensation under the Fifth Amendment.

### Third Affirmative Defense

To the extent that any Plaintiff's interest in the subject property may have been previously adjudicated in any quiet title or other action in state or federal court, they are estopped from litigating their property interests in this action under the doctrine of collateral estoppel and/or res judicata.

### Fourth Affirmative Defense

To the extent that any Plaintiff has received compensation for their interest in the subject property, his/her claim has been extinguished by accord and satisfaction, payment and/or release.

### Fifth Affirmative Defense

Plaintiffs' claims against the United States are barred to the extent they have been waived.

### Sixth Affirmative Defense

The Court lacks subject matter jurisdiction to award the relief that Plaintiffs request.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by the applicable statute of limitations.

<u>Eighth Affirmative Defense</u>

The United States holds contractual or statutory easements, servitudes, and/or other property rights superior to the rights of Plaintiffs in the property subject to Plaintiffs' claims.

<u>Ninth Affirmative Defense</u>

Plaintiffs' claims are barred by the doctrine of laches.

**PRAYER**

**WHERFORE**, the United States denies that Plaintiffs are entitled to the relief they pray for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the United States, and that the United States be allowed its costs and such other further relief as the Court may allow.

Respectfully submitted this 15th day of November 2013,

ROBERT G. DREHER
Acting Assistant Attorney General

*s/Joshua P. Wilson*
JOSHUA P. WILSON, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street NW, Room 3529
Washington, DC 20004
Telephone: (202) 305-0482
Facsimile: (202) 305-0506
E-Mail: joshua.wilson@usdoj.gov

*Counsel of Record for the United States*

Service by e-filing